IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LOWELL QUINCY GREEN, #518622 | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1261 |
| LORIE DAVIS, DIRECTOR, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Lowell Quincy Green, an inmate confined at the Coffield Unit within the Texas Department of Criminal Justice proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the United States Magistrate Judge, the Honorable K. Nicole Mitchell, pursuant to 28 U.S.C. §636(b)(1) and (3) as well as the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On July 22, 2019, Judge Mitchell issued a Report, (Dkt. #37), recommending that Plaintiff's civil rights lawsuit be dismissed under 28 U.S.C. § 1915(A)(b)(1) and that his claims be dismissed, with prejudice, until the conditions under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), are satisfied. Specifically, Judge Mitchell found that Plaintiff was complaining about his underlying criminal conviction—without demonstrating that his conviction had been invalidated or called into question, as required under *Heck*. A copy of this Report was sent to Plaintiff at his address; return receipt requested. Plaintiff has filed timely objections, (Dkt. #39).

As an initial matter, a party objecting to a Magistrate Judge's Report must specifically identify those findings to which he or she objects. Frivolous, conclusory, or general objections need not be considered by the District Court. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *see also Valez-Pedro v. Thermo King De Puerto Rico, Inc.*, 465 F.3d 31, 32 (1st

1

Cir. 2006) (explaining that an objecting party must put forth more than "[c]onclusory allegations that do not direct the reviewing court to the issues in controversy.").

Further, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to *de novo* review. *See U.S. v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466 *1 (S.D. NY Sep. 2002) (unpublished) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

Plaintiff's objections must be overruled. In his objections, Plaintiff complains about his criminal sentence, parole, and mandatory supervision. He repeats his claims concerning his aggravated robbery conviction. Moreover, he complains about previous cases that he filed, which were dismissed by many federal courts in Texas. To the extent that Plaintiff continues to challenge his underlying criminal conviction, the Court notes that his claims are still barred by *Heck*—as Plaintiff has not demonstrated that his conviction has been invalidated or called into question.

Plaintiff's claims concerning parole, mandatory supervision, and the state classification committee, are wholly without merit. The Fifth Circuit has expressly held that there is no constitutional right to release on parole in the state of Texas. *See Williams v. Dretke*, 306 F. App'x 164, 166 (5th Cir. 2009) ("Texas prisoners have 'no constitutional expectancy of parole' and, thus, any effect that the punishment had on Williams's parole eligibility could not support a constitutional claim."); *Creel v. Keene*, 928 F.2d 707, 708-09 (5th Cir. 1991); *Allison v. Kyle*, 66 F.3d 71, 74 (5th

Cir. 1995). Accordingly, because there is no constitutional right to release on parole, Plaintiff's claims concerning parole are without merit in this civil rights action.

Plaintiff is not entitled to mandatory supervision because he was sentenced to life imprisonment for multiple instances of aggravated robbery. A Texas prisoner serving a life sentence is ineligible for release onto mandatory supervision. *See Ex Parte Franks*, 71 S.W.3d 327, 327 (Tex.Crim.App. 2001) ("We hold that a life-sentenced inmate is not eligible for release on mandatory supervision."); *see also Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (per curiam) (following the decision in *Franks*). Accordingly, because Plaintiff is not eligible for release onto mandatory supervision, he cannot state a constitutional claim for the purported or alleged violations of the state classification committee with respect to mandatory supervision.

The Court has conducted a careful *de novo* review of record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that the Report of the United States Magistrate Judge, (Dkt. #37), is **ADOPTED** as the opinion of the Court. Plaintiff's objections, (Dkt. #39), are overruled. Further, it is

**ORDERED** that Plaintiff's civil rights lawsuit is **DISMISSED**, with prejudice. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.  So **ORDERED** and **SIGNED August 27, 2019.**

---
Ron Clark, Senior District Judge